IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VOLTAGE PICTURES, LLC, GLACIER
FILMS (USA), INC., and GLACIER FILMS
1, LLC,

Case No. 3:15-cv-00668-SB

**OPINION AND
ORDER**

        Plaintiffs,

    v.

DOE-50.186.40.95,

        Defendant.

**BECKERMAN, Magistrate Judge.**

Plaintiffs Voltage Pictures, LLC ("Voltage"), Glacier Films (USA), Inc. ("Glacier Inc."), and

Glacier Films 1, LLC ("Glacier LLC") (collectively, "Plaintiffs") bring this copyright and trademark

infringement action against an individual who allegedly copied and published the motion picture

*American Heist* ("the Movie") through the BitTorrent network. Voltage is a producer of the Movie

and owner of a trademark used in connection with the marketing and distribution of the Movie.

Glacier Inc. and Glacier LLC are the registered copyright holders of the completed motion picture

Page 1 - OPINION AND ORDER

and screenplay, respectively. Plaintiffs initiated the present action against a Doe defendant who is indentified only by the internet protocol address of 50.186.40.95 ("the IP address").

On April 23, 2015, the Court granted Plaintiffs' *ex parte* motion to expedite discovery for purposes of identifying the account holder assigned to the IP address used by the Doe defendant. After issuing a subpoena to the Internet Service Provider, Comcast, in accordance with this Court's Order (ECF No. 6), Plaintiffs successfully identified a singular subscriber assigned to the IP address used by the Doe defendant (the "Subscriber"). However, Plaintiffs do not know whether the Subscriber is "oblivious to the conduct they appear to be facilitating through the Internet service they [arranged]," or whether the Subscriber is actually "a willful participant in facilitating such conduct." (Pls.' Mot. Leave at 4.) Two letters have been dispatched to the Subscriber without response, and Plaintiffs do not have a phone number or other means of contacting the Subscriber. Meanwhile, Plaintiffs continue to observe infringing activity in relation to the IP address used by the Doe defendant.

Plaintiffs now move, pursuant to Federal Rule of Civil Procedure ("Rule") 45, for leave to serve a subpoena upon a non-party, commanding the non-party Subscriber to attend a deposition.[1] Rule 45(a)(1)(A)(iii) "authorizes the issuance of a subpoena to command a nonparty to attend and testify at a deposition or produce designated documents, electronically stored information, or tangible things in its possession, custody or control." *Voltage Pictures, LLC v. Doe-50.141.97.4*, No. 3:14-cv-1872-AC, 2015 WL 1579533, at *4 (D. Or. Apr. 9, 2015) (granting the plaintiffs' motion to authorize a Rule 45 subpoena to depose a subscriber in connection with alleged infringement

---

[1] Plaintiffs are seeking court approval to conduct non-party discovery prior to satisfying the Rule 26 meet and confer requirements, because they cannot satisfy that requirement prior to identifying the Doe defendant.

activity). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

"The Ninth Circuit allows a plaintiff to engage in discovery to identify Doe defendants when the identity of such defendants is not known prior [to] the filing of a complaint." *Voltage Pictures*, 2015 WL 1579533, at *4 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The same is true for "plaintiffs who have failed to identify any defendant and must, therefore, engage in non-party discovery to determine the identity of the proper defendants." *Id*. (citing *Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366, 1366 (9th Cir. 2000)). The Ninth Circuit has devised a two-part test for determining when courts should allow discovery to identify an unknown defendant: "Where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity . . . to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id*. (quoting *Gillespie*, 629 F.2d at 642). Other factors to consider include whether the Doe defendant has been "identified with 'sufficient specificity such that the Court can conclude that [the] Defendant is a real person or entity that would be subject to the Court's jurisdiction,'" and whether the plaintiff has identified "all previous steps taken to locate the elusive defendant." *Id*. (citation omitted).

The above factors weigh in favor of granting Plaintiffs' motion for leave to serve a subpoena on the Subscriber. As an initial matter, it seems likely that the requested discovery will uncover the identity of the individual who is responsible for allegedly copying and publishing the Movie, and it does not appear that Plaintiffs' complaint would be dismissed on other grounds. *Cf. Voltage*

*Pictures*, 2015 WL 1579533, at \*5-6 ("Even assuming [a recent decision from a judge in this district] requires the dismissal of Plaintiffs' state trademark claim, Plaintiffs' claim under the federal Copyright Act would survive. Accordingly, the complaint would not be dismissed on other grounds in its entirety."). Furthermore, Plaintiffs have identified the Doe defendant with sufficient specificity for the Court to conclude that the Doe defendant is a real person who would be subject to the Court's jurisdiction. Indeed, the Court would have subject matter jurisdiction over Plaintiffs' federal copyright claim, and Plaintiffs represent that the claim would be linked to a subscriber with an Oregon IP address. Finally, Plaintiffs have offered a sufficient description of the previous steps taken to identify the infringer, by identifying the IP address and the general location, nature, and extent of the allegedly infringing activity in the complaint. *See id.* at \*5 ("requirement met where a plaintiff has 'already taken steps to identify the IP addresses and general physical locations.'" (quoting *Rynoryder Prods., Inc. v. Does 1-23*, No. 6:13-cv-539-TC, 2013 WL 2146456, at \*2 (D. Or. May 14, 2013))).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for the issuance of a Rule 45 subpoena (ECF No. 9), and authorizes Plaintiffs to depose the Subscriber. Plaintiffs' counsel has agreed to limit the deposition to no more than two hours, and to cooperate with the Subscriber with

regard to scheduling and location requests. Based on these concessions, the Court concludes that this

limited discovery will not impose an undue burden or expense on the Subscriber.

IT IS SO ORDERED.

Dated this 30th day of July, 2015.

*Stacie F. Beckerman*

_____

STACIE F. BECKERMAN
United States Magistrate Judge