IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VOLTAGE PICTURES, LLC, GLACIER FILMS (USA), INC., and GLACIER FILMS 1, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>DANIEL O'LEARY,<br><br>        Defendant. | Case No. 3:15-cv-00668-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

       Voltage Pictures, LLC ("Voltage"), Glacier Films (USA), Inc. ("Glacier Inc."), and Glacier Films 1, LLC ("Glacier LLC") (collectively, "Plaintiffs") bring the present action against Daniel O'Leary ("Defendant"), alleging claims for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332, and trademark infringement under Oregon Revised Statutes ("ORS") § 647.095. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), to strike Defendant's affirmative defenses. The Court has original jurisdiction over Plaintiffs'

Page 1 - FINDINGS AND RECOMMENDATION

copyright infringement claims under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Plaintiffs' state law trademark infringement claim under 28 U.S.C. § 1367(a). For the reasons that follow, the Court recommends that the district judge grant in part, and deny in part, Plaintiffs' motion to strike (ECF No. 33).

## DISCUSSION

**A.     Legal Standards**

Under Rule 12(f), a court may strike an affirmative defense if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "'Immaterial' matter in a pleading is content that has no essential or important relationship to the claim for relief or the defenses being pleaded," while "'[i]mpertinent' matter is that which does not pertain, and is not necessary, to the issues in question." *Complete Distribution Servs., Inc. v. All States Transp., LLC*, No. 3:13-cv-00800-SI, 2015 WL 1393281, at *2 (D. Or. Mar. 25, 2015) (citation, brackets, and quotation marks omitted). A responsive "pleading is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege." *Id*. (citation and quotation marks omitted).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "The disposition of a motion to strike is within the discretion of the district court, but such motions 'are disfavored and infrequently granted.'" *Complete Distribution*, 2015 WL 1393281, at *3 (citation omitted); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("'Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice

and because they are often used solely to delay proceedings.") (quotation marks and brackets omitted).

**B.    Analysis**

    **1.    Timeliness**

Defendant argues that Plaintiffs' motion to strike should be denied as untimely. Generally, a motion to strike must be filed within twenty-one days after being served with the pleading. FED. R. CIV. P. 12(f)(2). Defendant filed and served his answer and affirmative defenses on January 11, 2016. Over a month later, on February 24, 2016, Plaintiffs filed and served their motion to strike affirmative defenses.

Although Plaintiffs filed their motion to strike outside the twenty-one day limit proscribed by Rule 12(f)(2), the Court rejects Defendant's timeliness argument. During a Rule 16 conference held on February 10, 2016, the Court asked Plaintiffs to postpone the filing of their motion to strike, in hopes that continued conferral would reduce the range of issues in dispute. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining that the "district court has considerable latitude in managing the parties' motion practice and enforcing local rules"). The Court also notes that it allowed Defendant to file his opposition to Plaintiffs' motion to strike on May 2, 2016, even though Defendant's opposition brief was due on April 12, 2016. *See Turner v. CIGNA Group Ins.*, No. 10-4103, 2011 WL 2038751, at *1 n.1 (D.N.J. May, 24, 2011) (accepting a belatedly-filed opposition brief, but noting that the court could have treated the pending motion as unopposed).

    **2.    Defendant's Stipulation**

Defendant's opposition brief states that, in the event the Court rejects his timeliness argument, he is prepared to concede Plaintiffs' motion to strike with respect to affirmative defenses

one through three and five through eleven. (*See* Def.'s Opp'n Br. at 2-3.) In other words, with the exception of the fourth affirmative defense (unconstitutionally excessive damages), Defendant concedes that Plaintiff's motion to strike should be granted in its entirety. Accordingly, the Court recommends that the district judge strike affirmative defenses one through three and five through eleven, pursuant to Rule 12(f).

### 3. Unconstitutionally Excessive Statutory Damages

The remaining dispute concerns whether the Court should strike Defendant's affirmative defense of unconstitutionally excessive statutory damages. Courts have reached varying results in addressing the viability of an excessive damages affirmative defense. *See Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158, 1170 (D. Colo. 2014) (granting motion to strike affirmative defense of unconstitutionally excessive statutory damages, noting that an affirmative defense should defeat the plaintiff's claim even if the allegations in the complaint are true, and that proof of statutory damages is not an element of a copyright infringement claim); *J&J Sports Prods., Inc. v. Ramirez Bernal*, No. 1:12-cv-01512-AWI, 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014) (granting motion to strike affirmative defense of excessive damages because it merely countered the allegations in the complaint regarding damages, and thus needed to be pled in the "relevant section of the answer"); *see also Joe Hand Promotions, Inc. v. Ridgway*, No. 6:14-cv-03401, 2015 WL 1321477, at *2-3 & n.3 (W.D. Mo. Mar. 24, 2015) (agreeing that excessive damages does not constitute an affirmative defense, reasoning that an affirmative defense accepts, rather than contradicts, the well-pleaded allegations in the complaint, but declining to grant motion to strike and instead construing the affirmative defense as a general denial of liability and mistaken designation, which are routinely disregarded); *but see Voltage Pictures, LLC v. Blake*, No. 3:14-cv-1875-AC, 2015 WL 9272880, at

*7 (D. Or. Dec. 17, 2015) (denying motion to strike affirmative defense of unconstitutionally excessive statutory damages, noting that the Due Process Clause applies to statutory damages that "are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable," and concluding that the defendant's affirmative defense was legally viable); *Malibu Media, LLC v. Lee*, No. 12-3900, 2013 WL 2252650, at *1 (D.N.J. May 22, 2013) (denying motion to strike affirmative defense of excessive statutory damages, noting that other courts have permitted such defenses to stand, and finding that inclusion of such a defense was not sufficiently prejudicial to require dismissal); *UMG Recordings, Inc. v. Lindor*, 05-1095, 2006 WL 3335048, at *3 (E.D. N.Y. Nov. 9, 2006) (concluding that a proposed amendment to include an affirmative defense of unconstitutionally excessive statutory damages was not frivolous, and noting that the plaintiffs could "cite to no case foreclosing the applicability of the due process clause to the aggregation of minimum statutory damages proscribed under the Copyright Act," and the defendant cited "to case law and to law review articles suggesting that, in a proper case, a court may extend its current due process jurisprudence prohibiting grossly excessive punitive jury awards to prohibit the award of statutory damages mandated under the Copyright Act if they are grossly in excess of the actual damages suffered").

Although Plaintiffs' arguments are well-taken, the Court recommends that the district judge deny Plaintiffs' motion to strike Defendant's affirmative defense of unconstitutionally excessive statutory damages, in accordance with *Voltage Pictures*, *Malibu Media*, and *UMG Recordings*. Notably, Plaintiffs have not cited any precedential case law that expressly forecloses an affirmative defense of unconstitutionally excessive statutory damages, the affirmative defense provides Plaintiffs fair notice of the nature of the defense and its factual basis, the inclusion of the affirmative defense

is not sufficiently prejudicial to Plaintiffs to require dismissal, and motions to strike affirmative defenses are extremely disfavored.[1] *See Weske v. Samsung Elecs. Am., Inc.*, 934 F. Supp. 2d 698, 702 (D.N.J. 2013) (explaining that motions to strike under Rule 12(f) are "extremely disfavored").

## CONCLUSION

For the reasons stated, the district judge should grant Plaintiffs' motion to strike affirmative defenses one through three and five through eleven, but deny the motion to strike Defendant's fourth affirmative defense (ECF No. 33).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 21st day of June, 2016.

*/s/ Stacie F. Beckerman*
———————————————
STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] Indeed, there is no practical consequence to striking any of Defendant's affirmative defenses here. Plaintiffs seek to rid Defendant's answer of its "paper tigers," but doing so will have no material impact on this litigation in light of the limited importance of pleadings in federal practice. *See Capella Photonics*, 77 F. Supp. 3d at 858.